Good afternoon. Illinois Appellate Court First District Court is now in session. The First Division, the Honorable Justice John C. Griffin presiding. Case number 1-9-1-1-3-1 Mancini Law Group versus Schomburg Police Department. Good afternoon. Now, I only have one attorney's picture on. Right, Your Honor. I'm trying to activate my video. It's, my light is on for my video. I don't know why it is not showing up on the screen. Light's on, but nobody's home? Yeah, exactly. Way above my pay grade. I'm making sure it's not on my computer, so. Any suggestions, Darren? I tried to go in to see if there was a way I could do it. I don't know if something is wrong with her camera, or I don't, there was no way that I could correct it. Counsel, do you have any suggestions? You can, if you wanted to, Ms. Mallory, you can sign off and then try to sign on again. Okay, I'll do that really quickly just to make sure. Okay. Because as I said, the green light is on, so usually that means my camera should be working, and I'm not hiding my video. So, I'll try that to see if it fixes the issue. Okay. Give me one second. Thank you. It's still not showing the video for some reason. I don't know why. Yeah. Is there any physical cover on the camera? I know my camera has a physical cover. No, it does not. I'm going to plug it back in and see if that's it. It's not detached, it's on my laptop. I apologize, this has never happened to me, and I just did a Zoom call earlier this week If you give me one moment, I can see if I can locate a camera that I can attach to my computer from our IT department. Does anybody care if we go ahead, I mean, Counsel, do you care if we go ahead under these circumstances? No, I don't. If it's okay with your honors, I severely apologize. I don't know, as I said, my green light's on, so I don't know why the audio. Anybody else have an objection? No objection. Okay, then why don't we proceed? Okay. All right, would the attorneys who are going to be arguing please state your name and spell your last name? Josh Burday, B-U-R-D-A-Y, on behalf of Plaintiff Appellant Mancini Law Group. Mallory Maluzzi, M-A-L-L-O-R-Y-M-I-L-L-U-Z-Z-I, on behalf of the Schaumburg Police Department. Okay, as you know, you both have 20 minutes. Mr. Burday, do you want to reserve some time for rebuttal? Please. How much you want? Five minutes? Five minutes, your honor. Okay. All right, you can proceed. Thanks. May it please the court? Josh Burday, on behalf of Plaintiff Appellant Mancini Law Group. The plaintiff in this case, in exchange for $13, received an unredacted traffic accident report from LexisNexis, and this wasn't a one-time thing. They received multiple unredacted reports over the years. The record shows this. It's established that if you're willing to pay... The record says that if you apply and give certain information, you would get it unredacted, and that's from LexisNexis, right? No, there's no certain requirements that have to be met to get it from LexisNexis. There was some discussion at the oral argument below that the website subsequently changed, and that, you know, after the fax issue in this case, that you had to provide information, but there's no, like, set of requirements you had to meet to get the reports off of LexisNexis that's at issue in this case. There's no practical difference between Mancini buying the report through Lexis or SPD other than the payment of $13, and the Supreme Court in LexisNexis, but then turn around and say, no, you know, we're gonna refuse to produce them to Mancini. Am I right that there's two differences? One is, if you go through the Freedom of Information Act with Schomburg, it's $5? Correct. That's why the suit was filed, is essentially they would have to pay triple if they were forced to go through a monopoly that LexisNexis has on was that the report from Schomburg was redacted? Correct. And so you could go to a private company and pay $13 and have a non redacted, and you go to the police department and pay $5 and have it redacted. Exactly. That's exactly right. And that's exactly why plaintiff filed this lawsuit here. And that goes explicitly against the terms of Section 3A of FOIA on top of just going against the policy and general purpose of the statute. It also goes against the explicit language of it. So what does SPD say then? Well, they make various claims about there being restrictions on what Lexis can do with the reports. And if that were true, then it's possible that they would be right and waiver couldn't apply here. But it's established in the record that LexisNexis just doesn't have those restrictions on it. Well, the contracts are in the record. Correct? Yes, they are. The agreement between SPD and LexisNexis is in the record. There's nothing in that agreement that says they need to redact anything. Correct. That's exactly right. And so what's actually being appealed here? Well, the circuit court agreed with the majority of what we argued on waiver. What the circuit court held was, incorrectly, that SPD was statutorily required to produce the reports to LexisNexis. And that is incorrect. They have to produce them to the state. That is true. But there is no requirement that they produce them restriction free to LexisNexis. And there's, you know, at no point in the, in below or on appeal, has there ever been any authority cited that says they're required to produce them to LexisNexis restriction free. So what does that mean? Does that mean that they could have the SPD could contract with any vendor it wishes? For Yes, they could have chosen a different contract at all. They can just do it report directly to the state. Exactly. Yeah, exactly. They don't have to do business with LexisNexis at all. It was just a business decision they made to instead of going directly to the state, go to LexisNexis first, and then have that middleman there. It's just it's just the business decision they made for whatever their reasons were. And so your argument is that there's a waiver as a result of that relationship, where LexisNexis sells it unredacted for $13. And then if you use the Freedom of Information Act, which is a state law to go to the state governmental entity, you don't get the full document, you get a redacted version. Right. That's, that's exactly right. That's our position. And that's, yeah, and that's what's actually going on here that that $8 difference of LexisNexis, keeping the $8 for itself, and then it actually sends $5 back if someone back to SPD if someone requests the record through LexisNexis instead of going directly to SPD. But your major, but your major claim is that you can't get the, the reports directly from the police department. Exactly. Unredacted. And that under the Lieber case, if we follow Lieber, then there's a waiver. And therefore, this practice is improper and illegal. Well, I think under 3A, they're breaking the law. But under, under, under Lieber, if it was just looking at Lieber, and you weren't paying any attention, you just pretended 3A wasn't there, then under Lieber, they would be breaking the law by producing it to Lexis and not producing it to Mancini. 3A is yet another way that, that they're breaking the law there. So what does SPD, what do they actually argue, they spend the majority of their briefing, arguing that Lieber somehow doesn't apply, or that Lieber was somehow overturned. And that's just not the case. So one thing they point to is that they argue that the General Assembly overturned Lieber with a completely unrelated FOIA amendment in 2010. And they don't actually support anything. They don't actually cite anything supporting that claim. They argue that change to this exemption language 7-1, which it just doesn't relate to waiver, we're not talking about exemptions, we're talking about waiver, somehow supports the idea that the General Assembly meant to overturn like this specific ruling in the specific Supreme Court case, without ever mentioning that case at all. And what FOIA was amended to say was that public bodies may redact exempt information, but must produce the rest when exemptions apply. And that just has no impact on the principle Lieber cited for the trial court noted that. And another important point here is, there seems to be a flavor of somehow, the amendments allows them to withhold more information. That is exactly the opposite of reality. The amendment increases the disclosure obligations on public bodies to the extent it's even relevant. So what it does is adds in a few sentences there at the beginning of section 7-1. And it says that where it's where there is exempt information within an otherwise non-exempt document, you just redact that piece, and you shall produce the rest. In other words, the General Assembly was eliminating this gamesmanship by public bodies, where they could would have, you know, a 10-page record and say, oh, look, we found this one little piece in the 10 pages that's exempt, therefore you get nothing. The General Assembly amended the statute to make it explicitly clear. No, if there's that one piece of exempt information, you just redact that one piece and produce the rest. Similarly, they talk about Lieber and say, well, Lieber is dealing with a completely different set of exemptions. Well, there's a few points. One, there's no exemptions directly at issue on this appeal at all. We're talking about waiver. And the only question is whether SPD waived its right to assert exemptions or not. We're not relying on Lieber for any discussion of exemption claims, just the waiver standard that it articulates. And they're mainly just failing to engage with the arguments and just delving into unrelated discussions of exemptions. There's one point that really becomes clear when you're looking at the clarify something. Sure. Under the vehicle code, the police department has to send accident reports to the state, correct? Correct. The state has to comply. And does the state in any way require that the police departments use LexisNexis? No. There's nothing that the state has said that you must use LexisNexis to report. There's no such requirement that they use LexisNexis. But that's the way you use LexisNexis, right? The secretary of state uses LexisNexis, correct? LexisNexis reports it to the state on behalf of SPD, yes. They don't have to, but they do. Correct. They don't have to, but that's just the setup they've decided to go with here. Schomburg is providing their accident reports to the secretary of state via LexisNexis, correct? Correct. So it is accurate to say that Schomburg is complying with the state reporting requirement to the secretary of state by delivering the unredacted reports, not to the secretary of state directly, but to the firm of LexisNexis, correct? They're doing it in steps. So instead of just going straight to the state, they're going through the middleman of LexisNexis to the state. That's how they're complying. That's how they're complying. And that's okay with the secretary of state, correct? I mean, there's nothing in the record to say either way, but it looks that way. It looks like it's okay with the secretary of state. So what's wrong with that? There's absolutely no restrictions on what Lexis can do with the reports. It's not said you can only provide these reports unredacted to the state and everyone else has to get them redacted. That's not in there at all. They can provide them unredacted to whoever they want. And the What does that have to do with the secretary of state or Schomburg or anybody else? According to the state of this record, secretary of state or police departments are required to report to the secretary of state accident information. They can do it apparently one of two ways, directly to the secretary of state or by giving it to LexisNexis. If they give it to unredacted, like they would give it to the secretary of state, they're then in compliance with the state reporting requirement. Is that correct? Yeah, if part of the agreement is Lexis Nexus turning it over to the state, which it looks like it is as far as we can tell. Right. So why is the Schomburg waiving anything when they're required to give a complete unredacted report to LexisNexis in order to be compliant with the state reporting requirement of reporting accidents to the secretary of state? Because LexisNexis, they give the reports to LexisNexis. And they don't say this is only for you to produce to the state unredacted. LexisNexis is then free to do, you know, to profit off the reports by releasing them to LexisNexis if the reason they're giving it to them is because the secretary of state accepts it in that format. There's no evidence in the record at all that they're required to give it to LexisNexis for any reason, whether it's because the secretary of state wants them to or otherwise, they could just, you know, they could send the records to the secretary of state directly if they wanted to. They've just opted to use this optional medium of LexisNexis. Optional because the secretary of state considers that compliant, right? Right. Yes, it's one way they can comply. They can go through that, you know, a middleman like that if they want to, they can go directly if they want to. But at no point are they required to hand over all of their records for Lexis to make a profit on by selling to members of the public. Is that ever a requirement? That's what this case is all about. That's where Libra comes in is that under that contract between the police department and LexisNexis, LexisNexis can then sell unredacted information to the public. And yet the public is not getting that same That's exactly right. That's exactly what the problem is. That's a violation of the Freedom of Information Act. Because you go out and pay, the public should be allowed to get the same information because it's been waived by selling it and allowing a private company to profit from it. And yet if you, the Freedom of Information Act only applies to governmental entities, the governmental entity won't give you that same information. And therein lies this The dollar amounts are in the contract itself and then in the deposition testimony. The dollar amounts of what? Of Lexis sells the reports for $13, sends $5 to SPD. Mr. Burdick, my question to you is, where in the record is there any evidence that Schomburg sells their accident reports to LexisNexis? It's the profit that LexisNexis is selling. Where in the record is there that they sell the information to LexisNexis? There's no record of that. So if you're thinking of the traditional relationship where you sell a car to someone and they give you money, it's a little bit different here. It's like you're being given the car first and then they sell the car, make profit off it and send a piece of that profit back to SPD. So that's where the profit is being made right there. So what you're saying is they're selling it for $5 because LexisNexis collects $13, they kick back $5. So on every transaction, Schomburg is making $5. That's what they're selling. That was the exchange is $5 goes to, I mean, it could be anything, doesn't have to be $5, but that's what they decided. So it's happened to be $5. It could have been $20, it could be $100, but it's $5. And the agreement was that LexisNexis could sell to the public for $13. Isn't that the same, the $5, the same amount as you would pay if you went directly to Schomburg? Right. Schomburg, if you went directly to Schomburg, they could only charge $5 where that's the statutory maximum that they're allowed to charge. Whereas LexisNexis is charging $13. And that's the whole reason for this lawsuit right here. Well, that's not the whole reason. The reason is it's the redaction. That's the important thing. So for $5, you can't get an unredacted copy from a governmental agency, but you can get it from a private agency for $13. And that's where Lieber comes in, in the waiver, and why you say this is an improper transaction. Is that correct? That's exactly right. The only way, LexisNexis effectively has a monopoly over the unredacted versions of the reports. If there are no further questions, then I would say for those reasons, the circuit court should be reversed. Thank you. Great. Thank you. Ms. Malluzzi? Yes. Thank you, Your Honors. May it please the court, as stated before, my name is Mallory Malluzzi, and I represent the defendant, Appa Lee, in this matter, the Schomburg Police Department. So the case, this case asks the court a simple question. As the trial court has already determined, and the plaintiff did not appeal, that the police department properly redacted the private home addresses, dates of birth, phone numbers, and insurance policy numbers of the individuals listed on the police accident reports. The only question before this court is whether the police department has waived its right to assert these FOIA exemptions by producing unredacted copies of accident reports to LexisNexis as part of its statutory obligation under the Illinois Vehicle Code. And the simple answer is no. I have to, I have to stop you because you, you entered the question too soon. You did not state all the facts, did you? You did not talk about the selling of unredacted copies for $13. Well, Your Honor. That is the issue here. I mean, to say that the issue stops short of that is not to give credence or not, not to describe the lawsuit that's before us. Well, Your Honor, first, the lawsuit before is the issue of FOIA and whether or not waiver by producing the LexisNexis. As stated by one of the other justices, LexisNexis is not a public body producing these under FOIA. I also would dispute that an individual can get an unredacted copy of an accident report from the police department for $5 if that individual, say, was involved in the accident, was a victim or was the victim's insurance company. That is also supposed to be the only reason why someone can get an unredacted police report from LexisNexis. There's deposition testimony. That's not true. According to the record and what happened to Mancini, they were able to get police reports unredacted from LexisNexis, even though nobody was involved. Is that right? They were able to, but they violated the terms and conditions of the agreement that they signed. Well, they had a LexisNexis account. Right. And, and LexisNexis account can get this information. It could be a bank. It could be a corporation. It could be an individual. It could be a lawyer. It could be an accountant. It could be anybody. They can get this information. Why should, why, why isn't there a waiver here when the same information, in order to get the unredacted information, a member of the public has to pay $13 when you have that exact same information and you're redacting it, but you won't give them the unredacted copy because you want them to, to go to LexisNexis. Is that it? No, it is the police department's position and the testimony in the deposition that states that someone like Mancini should not be able to get unredacted copies from LexisNexis. If they were able to, it does not state that they didn't have information, but, but additional security measures were taken once this was discovered by the police department to require additional information because the intent and the terms were violated by Mancini. In fact, their account was suspended once it found out that they were receiving it. After the fact, wait, that's, that, that is all after the fact that that is irrelevant to our decision here. And, and if you, what you're talking about, you, what's, is there anything in that a contract with LexisNexis that says that they have to sell only redacted copies? It says, yes, because it's, yes, because it states they must comply with all laws, which includes the Freedom of Information Act, which means they should be redacting copies or refusing copies to those who do not meet the eligibility requirements to receive an unredacted copy. Where's that in the record? It's in the record in the agreement and in the deposition of Jennifer Brack. So it's your position that LexisNexis has been violating the agreement? Is that what you're saying? Yes, or yes. And, or the users are violating the LexisNexis terms and conditions. Well, not the user. Why would, you know, that's not their responsibility. It was LexisNexis, they have a contract with you. So you're saying you concede the case and that Mancini is correct and that you had to change your, your process with LexisNexis. Is that what you're saying? I'm, I'm not sure I understand the question. Well, you said that, you said that, yeah, that's what they were doing before. And they said, then they changed their process. So you actually conceded that LexisNexis was violating your agreement. And so their case is valid. No, because the case comes as to what the police department provided. Waiver is very specific. And the police department did not put these reports into the public domain. They uploaded it onto the secured server of LexisNexis in order to comply with the vehicle code requirements. And that's not, wait, they're using a third party, which they don't have to do. Is that correct? Yes, that's correct. Because the only other option is to submit them via paper copy. It's either paper copy or used an approved third cop, third party vendor of the secretary of state of which LexisNexis is one of them. So the secretary. But that that's fine. I understand that. But then you went one step further. You allow LexisNexis to sell it to the public unredacted. That's correct. Only to certain parties. Where does it say certain parties? That is in just the understanding of how the general operations of the agreement. No, no, no, no. Don't give me general understandings. I look at language and then a contract. We don't talk about things outside the contract. Tell me the language in the contract that says that. Well, it states that they have to comply with the laws, which includes FOIA. So what? FOIA gives an option. It doesn't have to be redacted. Right. It's voluntary. Well, your honor, that gets to the issue of waiver right there. And that gets to our point as to why waiver does not apply anymore, because the legislature imposed two additional options in the 2010 amendments that overturned this waiver idea under Lieber. Lieber, as this court recognized recently, was decided in 1997 and dealt with an entirely different situation that was looked at. And in fact, this court recently statutorily overturned Lieber in the case of Timpone versus Illinois Student Assistance Association, finding that Lieber is outdated and the statutory language that was decided in Lieber is no longer in effect and was decided in an era where privacy expectations were different than they are now. I don't see even the judge here. Even the judge here did not say that Lieber has been overturned by the legislature. As counsel said, the legislature didn't even mention Lieber. I mean, I think that's a stretch, a big stretch in trying to make that argument. So if you don't make that argument, can we still rule in your favor without that argument? Yes, your honor, because I think that this case is very, is distinguishable from Lieber. I think that in Lieber, the information was provided to the newspapers and in the public domain. And here, the information is provided to LexisNexis. You may want to restate it. Is this better? Yeah, that sounded good. Okay. So as I stated before, Lieber is distinguishable from this case because you have to look at the circumstances surrounding the disclosure, the purpose and the extent of the disclosure and the confidentiality. In Lieber, the report was made just widely available to the newspaper and in the public domain. And as I've explained, that the police department has one of two options to provide accident reports to the secretary of state, either through paper copies or electronically. The secretary of state has explicitly said it prefers electronic copies. And if they were, and a police department must use a verified third party vendor to submit these third party, to submit these accident reports, it must provide the accident reports to the third party vendor unredacted, because otherwise it would violate the Illinois Vehicle Code because it has to give the secretary of state unredacted copies of the accident reports. The nuance here seems to be turned on what the police department requires or doesn't require LexisNexis to do with this. This contract it had to enter into with the, in order to electronically upload them and FOIA focuses on what the police department has released to the public under FOIA in order to consider waiver. They are not providing the accident reports to LexisNexis under FOIA. In fact, when LexisNexis as a commercial entity wants copies of records, it submits a FOIA request and gets redacted copies of records. So it is not giving LexisNexis preferential treatment to another commercial entity such as Mancini in this case. It is only providing LexisNexis unredacted copies of reports because of its verified third party nature of the secretary of state. So it is, it is a permitted release of those records and is very different than the situation in Lieber. I also want to emphasize one other way. Can I just ask you, so are you saying that the Jomberg did not waive it, but that these facts came about because LexisNexis didn't follow the contract which said they had to obey all the laws? Correct. I don't believe that Jomberg is, Jomberg's not the one releasing unredacted police reports to the public on a mass basis. It said it was required to enter into an agreement with LexisNexis. It had an understanding. It put in requiring with the laws and then LexisNexis on its own made these available in violation to what Jomberg understand what the purpose was and in violation of the contract. Then steps were taken to make sure that the contract and the laws were complied with. Well that we can't consider what happened afterward. This lawsuit has to do with what happened at the time of the lawsuit and with regard to that, are you saying that the Freedom of Information Act requires LexisNexis to redact the names and addresses? Yes, I would say that these names and addresses need to be redacted. They are exempt under FOIA. You say the Freedom of Information Act requires LexisNexis, a non-governmental agency, to redact names and addresses. Where does the FOIA require that? I would say that they're operating as some kind of arm of the police department in performing a FOIA request than they would need to. If they're not responding to a FOIA, then the waiver argument does not even come into play because LexisNexis, again, is a third-party entity doing what it is with its own documents. Again, everyone has a right to go to the police department and get these records under FOIA. People can get unredacted copies. You're saying two things. You're saying they're an independent third party and then you're saying they're part of the police department because they're working with the police department. First of all, they're not a governmental agency. You will concede that. Correct. They're not a governmental agency. The FOIA only applies to governmental agencies. Will you concede that? I do not agree because there's a specific statement that says that people who are contracted out on behalf of to perform governmental functions must comply with FOIA. For example, as a law firm on behalf of a governmental agency, if the village receives a FOIA request for records that I work on on behalf of the village, I have to produce those under FOIA. It doesn't matter that I'm a private entity. I think that's a different issue. But where does FOIA require that LexisNexis or any other entity redact the names and addresses? It doesn't. I would state that it is routinely held that private information is more of a mandatory exemption and the other ones are treated as suggestions. Let me repeat the question. Where in the FOIA does it say that LexisNexis or any other entity must redact names and addresses? I'm not asking you for what people do. Is it mandatory or is it discretionary? It can be both. You're saying it's mandatory. Where does it say that? I guess under section 7.1.7, it has the shell. Yes. I'm looking at it and I don't see it. Read the language if you haven't. No, I'm saying you're right. It's discretionary. I'm right. Okay. It is discretionary. Okay. And we're not even talking about exemptions, are we here? This is about waivers. Well, your honor, whether or not to a certain exemption is what is at the heart of waiver. We've already held that these exemptions are appropriate and that they can be redacted. The police department wants to redact them. The issue is whether or not it is able to redact them because it has produced records to LexisNexis unredacted. That is the issue. That's not the issue. That's your issue, but that's not the issue that is before us. The issue before us has to do with a private agreement between a public entity and a private company where the private company sold unredacted information to the public, which the public could not get from the governmental entity itself at the same price or at $5 unredacted. But the public can't, but that's not accurate. And I don't believe that's how waiver applies in Lieber because again, Lieber only looked at what the public body produced to the public unredacted and treating different entities differently. And that is not, that situation is not present here because you're talking about then what LexisNexis does with the records. And I don't believe that implicates the waiver provision because LexisNexis, we're looking at what the police department does. We're looking at, we're not looking at the police department. We were looking at an agreement between the police department and a private entity. And that agreement apparently was vague. And maybe it may have changed it later because you thought it was something else. But the fact is it was vague and this was going on. And that's what this case is about. Now, maybe whatever happened, if you change it, whatever that is, that's a different lawsuit. That's something we'll talk before us. Before us is what happened. And you can blame LexisNexis, whoever you want to blame, but that's not what this case is about. They're looking at the situation at a point in time, and that's the lawsuit. Well, yes, your honor. But at that point in time, the reason that the police department was providing LexisNexis with the records is so that they could comply with state statute. No, that was only part of it. That was the only reason they provided them to LexisNexis. No, it wasn't. It was because they could make $5 and from LexisNexis, when LexisNexis sold the information to the public, that's what the contract was about. No, your honor. It was a kickback of $5 to the police department. It was not just what you're talking about. Otherwise, LexisNexis wouldn't have sold it to anybody. You're saying, let's forget what happened with the public, but LexisNexis does after they give it to the secretary of state. No, that's not the case. You're eliminating the case. Take the facts as they are. We can't make up the facts. You can't ignore the facts. That's the fact, right? Except your honor, the $5 is the statutory amount the police department is supposed to get anytime an accident report is sold. It doesn't matter if it's through FOIA or through LexisNexis. It's not a money-making outcome for the police department because that's what it would get if they didn't have LexisNexis and people requested them under FOIA. No, no. It just so happens it's the same amount. We don't know that. Tell me where it says that, I mean, I know what the statute said about $5 for the FOIA, but what is prohibited from contracting with LexisNexis to get $10? The Illinois Vehicle Code. The $5 cap is not in the FOIA. It's in the Illinois Vehicle Code. That's the vehicle code. Doesn't apply to LexisNexis, does it? It applies to the police department. The police department cannot get more than $5. Well, that's a question. That's what the vehicle code says. Well, it's a question of what, under these circumstances, what it means. Because again, this is a private contract. This isn't through the FOIA. This is a private contract, isn't it? Yes, this is a private contract with LexisNexis, and it's separate from FOIA, which the public still has access to. I do want to, in my final time, also point out one other way that the 2010 amendments overruled the waiver rule, specifically in Section 7.1.c of FOIA, because they added in a new waiver provision, which, under the 7.1.c exemption of unwarranted invasion of personal privacy, personal information is exempt unless the disclosure is consented to in writing by the individual subjects of the information. So, it does not make sense that Lieber's waiver rule still applies because a rule permitting waiver by action of the public body would directly conflict with the statutory requirement of waiver by written consent of the individual subjects of that information. And it's notable because Lieber specifically analyzed that unwarranted invasion of personal privacy exemption in its case. It was focused on an exemption that is not even at issue in this case and that has been statutorily amended by the general legislation to put in a waiver rule by the individual, not by the public body. I've taken up a significant amount of your time so far, and so I just want to state one more thing, is that this argument about Section 3a of FOIA being violated has been waived. The first time it was mentioned was in the appellant's reply brief. It wasn't mentioned in the opening brief. It wasn't mentioned before the lower court. The lower court even noted that this whole waiver argument wasn't even raised until the prior brief and an oral argument. So this whole idea that somehow there's a violation of Section 3a of FOIA has been waived. And that so then in conclusion, I believe this court should uphold the circuit court's decision that the plaintiff is not entitled to the private information at by finding that waiver rule no longer applies or by determining that waiver does not apply in this case. Thank you. Mr. Burdett? I think the court understands our position, so I'll just make a couple of brief points. The counsel at the end there mentioned Exemption 2c5. All that exemption does is clarify what constitutes private information. It's not a discussion of waiver or anything like that. It doesn't address the waiver point. The Illinois Supreme Court in Lieber stated that, quote, even if, end quote, addresses were exempt, waiver would still require their disclosure. Another point to make is at one point there was a comment about, you know, oh, this was LexisNexis' violation, not our violation. Well, just to be clear, their no restrictions on what Lexis can provide to people in the agreement, and the agreement reflects that. There's also one overarching point when you actually just sit down and read the agreement between SPD and LexisNexis, and that is that it's written to maximize Lexis' control over the reports and what it's allowed to do with the reports. So, for example, even if the agreement was terminated, Lexis maintains the rights to distribute the reports, even if the agreement was terminated. That's an explicit term in the agreement. And as I said, it sounds like the court understands our arguments and our positions. So, if there are no further questions, then we would ask the appellate court to reverse the circuit court on the waiver issue. Thank you. Okay, thank you very much. We appreciate all the hard work. You've both done a great job on the argument and the briefs, and you'll be hearing from us shortly. Thank you.